# MATEO FAJARDO

*v.*

# SUCRERIE CENTRAL COLOSO.

---

San Juan, Law, No. 1161.

ACT SECURING EFFECTIVENESS OF JUDGMENT.

Attachment—Dissolution.

1. Section 13 of the act to secure the effectiveness of judgments, providing that the remedy shall be void in certain cases, refers to the attachment, that is, the actual levy on the property of the debtor, and not to the order of attachment.

Attachment—"Suspension of Suit."

2. Section 13 of the act to secure the effectiveness of judgments, providing that the remedy shall be void "if the date fixed by the court for the hearing be extended on petition of the party," refers to the hearing on the merits, and not to the hearing of a preliminary matter such as a demurrer. Certainly it does not apply where the hearing was suspended for the convenience of the court.

Opinion filed November 18, 1916.

Fajardo v. Sucrerie Central Coloso.

*Mr. Willis Sweet* for plaintiff.

Messrs. *F. H. Dexter* and *Manuel Rodriguez Serra* for defendant.

HAMILTON, Judge, delivered the following opinion:

This matter comes up at present upon the motion of the defendant for the court to declare void the remedy adopted in this case to secure the effectiveness of the possible judgment, on the ground either that the suit has been suspended on petition of the party plaintiff, or that the date fixed by the court for the hearing has been extended on the petition of the said party.

The facts as to the extension of time are that, when the case came before the court for setting, it was impossible for the court to hear it on that day, there being an accumulation of business, and the hearing of the demurrer was set over until to-day. When it is called to-day it is discovered that the demurrer in question is a general demurrer, and, under the practice of this court, cannot be entertained. Leave was given to the defendant to amend, which has been done, and the hearing has been set for next Monday.

The motion is made under § 13 of the Act of March 1, 1902 (Compilation, p. 849), as follows:

"Every remedy to secure the effectiveness of a judgment shall be void if the suit be suspended on petition of the party in whose favor the remedy was granted; or if the date fixed by the court for the hearing be extended on the petition of the said party, except in case the petition for suspension of proceedings or extension of time be based upon force majeure properly proved."

Fajardo v. Sucrerie Central Coloso.

I think I shall have to deny the motion. There are two grounds. It is perfectly true that this Act of March 1, 1902, to secure the effectiveness of judgments (Compilation, p. 849), is a special act and is very strict in its terms. It is adopted from the Spanish Code of Civil Procedure, very much modified however, and pursues a good many of the details of that Code. It is to be construed with a view to advance the remedy sought, but at the same time must not be pressed beyond the fair meaning of the words. The motion is to declare the remedy void, because the date fixed by the court for hearing has been extended upon the petition of the plaintiff.

1. In the first place, I do not think this comes within the earlier provision of § 13, that every "remedy" to secure the effectiveness of judgments shall be void in certain cases, because the present condition of the case does not come within the proper meaning of the word "remedy," so far as this statute is concerned. Turning to § 2 of the act, § 5234 of the Revised Statutes of Porto Rico, we are told that if the obligation be for the payment of any sum of money,—and I take it that is the provision under which this suit is brought,—if the obligation be the payment of any sum of money, the provisional remedy shall consist of the attachment of sufficient property of the debtor to cover the amount claimed. It would seem, then, that the remedy contemplated by this statute is the attachment, not the order of attachment. The order is a prerequisite, of course, but that is not the definition of the word "remedy." The order of attachment does not specify what particular property shall be levied on,—that is, it does not need to,—but the actual attachment does, and we are told here that the remedy in this case is the attachment. I take it that that means the actual levy by the marshal

Fajardo v. Sucrerie Central Coloso.

on sufficient property of the debtor. So that it would seem as if the remedy is not at present in a condition for the motion to be sustained under § 13.

2. And further, the second reason is this. There was no "suspension of suit," and I do not think that the "extension of hearing" in this particular case is that contemplated by the second part of § 13, "if the date fixed by the court for the hearing be extended on petition of the party." This extension was as much for the convenience of the court as anything else. It may be doubted if "hearing" refers properly to a mere preliminary like a demurrer. Hearing would properly be hearing on the merits. It would seem to be "hearing of the suit," as it is "suspension of the suit" in question. But at all events, even if the demurrer had been heard on the first day, it would have been overruled, because a general demurrer; and the extension of a time to hear a void demurrer can hardly be within the reason of the statute. So that it seems to the court, as it stands right now, the motion must be denied. Of course what may happen later by further extensions is another question. I do not pass on that at all. Conditions may arise that would make § 13 applicable, but I do not think it is applicable just at present.

The motion to declare the attachment void, therefore, is denied, and the demurrer will be heard Monday.